UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| GORDON C. REID, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:21-137-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN GOMEZ, | ) | **MEMORANDUM** |
| | ) | **OPINION** |
| Respondent. | ) | **&** |
| | | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Gordon C. Reid is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Reid recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] In that submission, Reid appears to be challenging the imposition of disciplinary sanctions against him on three separate occasions at three different federal prisons. Indeed, Reid appears to be challenging one disciplinary action in May of 2021 at the Federal Transfer Center in Oklahoma City, Oklahoma; a second disciplinary action in November of 2014 at the United States Penitentiary in Tucson, Arizona; and a third disciplinary action in September of 2013 at the United States Penitentiary – Big Sandy in Inez, Kentucky. [*See* R. 1 at 3-6.] Reid's petition is now before this Court on initial screening pursuant to 28 U.S.C. § 2243.

As an initial matter, while the Court will address Reid's challenge to the May 2021 disciplinary action, it will begin by denying his other two claims without prejudice to his right to pursue those matters via separate habeas actions. To be sure, Reid is trying to challenge all three disciplinary actions in a single habeas petition. However, the three matters involve alleged incidents that appear to be wholly unrelated and occurred at different times at different correctional institutions. Thus, the matters are more appropriately addressed in separate habeas

proceedings—an approach that is consistent with case law from other federal courts. *See, e.g., Hodge v. Rivers*, No. 7:20-cv-570, 2021 WL 48638, at *4 (W.D. Va. Jan. 6, 2021) (directing a *pro se* litigant "to limit each § 2241 petition to one disciplinary proceeding or one set of proceedings arising from the same events or a closely related series of events at one [Bureau of Prisons] facility.").

Turning then to Reid's challenge to the May 2021 disciplinary action, the Court will also deny that claim without prejudice. That is because Reid admits that he did not fully exhaust his administrative remedies with respect to this claim, as required. [*See* R. 1 at 7.] Under the law, before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies with the Bureau of Prisons. *See Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *see also Leslie v. United States*, 89 Fed. Appx. 960, 961 (6th Cir. 2004) ("It is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). Here, since Reid admits that he did not do so, the Court will deny his claim challenging the May 2021 disciplinary action.[1]

Accordingly, it is hereby **ORDERED** as follows:

1. Reid's claim challenging the May 2021 disciplinary action is **DENIED** without prejudice due to his failure to fully exhaust his administrative remedies. Reid may file a new habeas petition regarding this claim once he has fully exhausted his administrative remedies.

---

[1] To be sure, Reid claims that "he does not have sufficient time remaining until the expiration of his sentence (presently April 15, 2022) to provide a meaningful opportunity to both exhaust administrative remedy and litigate the unlawfulness of the related proceedings and provide meaningful relief." [R. 1 at 7.] However, Reid has not demonstrated in any clear way why he should be excused from the exhaustion requirement simply because his federal prison sentence ends in approximately eight months. In short, Reid's argument is simply unavailing.

2. Reid's claims challenging the November 2014 disciplinary action and September 2013 disciplinary action are **DENIED** without prejudice to his right to pursue those matters via separate habeas actions.

3. All pending motions are **DENIED** as moot.

4. This action is **DISMISSED** and **STRICKEN** from the docket.

5. The Clerk's Office is directed to send Reid the following blank forms:

    a. a Court-approved form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [E.D. Ky. 521 Form];

    b. an Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; and

    c. a Certificate of Inmate Account Form [E.D. Ky. 523 Form].

    Additional copies of these forms are available upon request from the Clerk's Office.

6. If Reid wishes to file one or more new habeas actions regarding the matters he raised, he may do so by completing and filing the Court-approved forms.

This 1st day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge